S.A.W. v Archdiocese of N.Y. (2026 NY Slip Op 00603)

S.A.W. v Archdiocese of N.Y.

2026 NY Slip Op 00603

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Index No. 950730/21|Appeal No. 5774-5775|Case No. 2025-03953 2025-05074|

[*1]S.A.W., Plaintiff-Respondent,
vArchdiocese of New York, et al., Defendants, Aquinas High School, et al., Defendants-Appellants. 

Giordano, Glaws, Fenstermacher & Nash LLP, New York (Jenna L. Krueger of counsel), for appellants.
Hasapidis Law Offices, Scarsdale (Annette G. Hasapidis of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina Kraus, J.), entered March 24, 2025, which, to the extent appealed from as limited by the briefs, denied the motion of defendants Aquinas High School and Dominican Convent of Our Lady of the Rosary, also known as Dominican Sisters of Our Lady of the Rosary (together, defendants), for summary judgment dismissing the negligent hiring and supervision claims as against them, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 20, 2025, which declined to sign defendants' order to show cause to renew their motion for summary judgment, dismissed, without costs, as taken from a nonappealable order.
Defendants failed to establish prima facie entitlement to summary judgment dismissing the negligent hiring and supervision claims as against them, as they did not submit evidence demonstrating that they lacked notice that defendant Edmond Parrakow (a nonparty to this appeal) had a propensity for sexually abusing children (see Sayegh v City of Yonkers, 228 AD3d 690, 691-692 [2d Dept 2024]). On the contrary, a witness for defendant Archdiocese of New York (ADNY), Bishop Gerald Walsh, testified that there had been prior letter complaints that Parrakow had committed sexual abuse, and that those letters would have been included in his ADNY file. Further, Bishop Walsh testified that before Parrakow was assigned to Aquinas, he had an abnormally short tenure at his first assignment and an unusually long gap between assignments. Plaintiff herself also testified as to several incidents of alleged abuse that occurred on school grounds during school hours while she was a student at Aquinas from 1978 to 1982. This evidence raises issues of fact as to whether defendants were on notice of Parrakow's propensities.
In addition, in arguing that they lacked notice, defendants purported to submit Parrakow's "personnel file," which consisted of a bare bones, four-page employment application form from 1974 that included none of the letters referenced by Bishop Walsh, and did not list all of Parrakow's former assignments (see L.S. v Roosevelt Union Free Sch. Dist., 236 AD3d 948, 950-951 [2d Dept 2025]). Defendants also submitted an affidavit of the individual who was the school principal during Parrakow's tenure, who attested in conclusory fashion that there was no record indicating that Parrakow abused any child before or during his assignment at the school. This evidence is insufficient to eliminate triable issues of fact as to whether defendants lacked constructive notice of Parrakow's alleged propensities (see Sayegh,228 AD3d at 692; MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 847 [2d Dept 2024]).
After Supreme Court denied their summary judgment motion, defendants sought leave to renew the motion based on the Court of Appeals' decision in Nellenback v Madison County (44 NY3d 329 [2025]) by means of an order to show cause, which Supreme Court declined to sign. No appeal lies from an order refusing to sign an order to show cause, as it is an ex parte order that does not decide a motion made on notice (CPLR 5701[a][2]; see Castle Vil. Owners Corp. v Girardi, 237 AD3d 532 [1st Dept 2025]). 
We have considered defendants' remaining contentions and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026